UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| v. | * | Cr. No. L-10-0336 |
| | * | |
| DIONE FAUNTLEROY, JR. et al. | * | |
| Defendants | * | |
| | ******* | |

MEMORANDUM

This is a drug conspiracy case. On June 16, 2010, a federal grand jury returned a twelve count indictment that charged twenty-two defendants, including Dione Fauntleroy, Jr., with conspiring to distribute controlled substances. Fauntleory, Jr. made his initial appearance before a judicial officer on June 21, 2010. On September 4, 2010, Fauntleroy, Jr. filed the pending Motion to Dismiss the Indictment, which he has subsequently amended. Docket Nos. 213, 280, 365. William Herring filed a similar motion on September 7, 2010. Docket No. 215. The Motions have since been joined by two other defendants: Dione Fauntleroy, Sr. and Edwin Hanks.

The movants contend that the Indictment must be dismissed because the time within which they must be tried has expired under the Speedy Trial Act, 18 U.S.C. § 3161 (the "Act"). Under the Act, however, all defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant. Therefore, the Government argues that because several of the movants' co-defendants have only recently made their initial appearances, and because nearly all of the defendants have filed motions that toll the Act, no violation has occurred.

The Motions are fully briefed, and no hearing is deemed necessary. Local Rule 105.6 (D. Md. 2010). For the reasons stated below, the Court will, by separate Order of even date, DENY the Motions.

## I.     Background

The facts underlying the Motions are not in dispute. A brief summary is as follows.

This is an exceptionally large drug conspiracy case, with a twelve-count indictment and twenty-two defendants. Count One of the Indictment charges each of the twenty-two defendants with conspiring to distribute controlled substances. Several of the defendants face further drug trafficking and firearms charges.

In combination, the defendants have filed dozens of motions, including suppression motions, which remain pending. The Court has scheduled a hearing on the motions for July 8, 2011. The Court has set two separate trial dates to accommodate counsels' schedules. The majority of the defendants will be tried in a six-week trial that commences on September 19, 2011. The remaining defendants, who are three in number, will be tried in a one-week trial that commences on October 24, 2011.

Turning to the specifics of these Motions, Herring and Fauntleroy, Sr. made their initial appearances on June 17, 2010. Herring filed a request for a pre-plea criminal history on July 6, 2010. At that time, Herring's counsel acknowledged that the time necessary to complete this report is excludable under the Act. See Gov't Opp. Ex. 1.

Not having been brought to trial or filed any motions, Fauntleroy, Jr. filed a Motion to Dismiss the Indictment on September 4, 2010. Counsel for Herring filed a similar motion on September 7, 2010. Fauntleroy, Jr. filed an amended Speedy Trial Motion on November 12, 2010.

Almost immediately after the Scheduling Order issued, several defendants, including both Fauntleroys, filed motions to modify the Scheduling Order. Notably, the last of the defendants did not have his initial appearance until November 18, 2010. On December 7, 2010, several defendants, including Fauntleroy, Jr., filed Motions to Suppress Evidence, which were joined by a number of the other defendants. On December 15, 2010, the Government filed a superseding indictment, which charged Fauntleroy, Jr. and several of his co-defendants with additional crimes stemming from evidence recovered pursuant to the execution of several search warrants associated with the conspiracy.

The Court held a scheduling conference on January 5, 2011. At the conference, the Court set two trial dates to accommodate the schedules of counsel and the Court. The Court also set a briefing schedule on all motions, culminating in a Motions Hearing and Pretrial Conference date of July 8, 2011. Finally, the Court afforded Fauntleroy, Jr. time to amend his Speedy Trial brief. The Court also set a deadline for all defendants to join Fauntleroy, Jr.'s Motion and supplement the Motion in regard to their individual circumstances. To date, Herring, Fauntleroy, Sr., and Hanks have joined the Motions, which are now ripe.

**II.    Analysis**

    **A.    Time Limits Under the Speedy Trial Act**

The Speedy Trial Act provides that a trial of a defendant "shall commence within seventy days" of the later of either the unsealing of the indictment or "the date the defendant has appeared before a judicial officer of the court in which such charge is pending." 18 U.S.C. § 3161(c)(1). The Act enumerates several "period[s] of delay" that are excluded from "computing the time within which [a] trial . . . must commence." § 3161(h). Among these are exceptions are "[a]ny period of delay resulting from . . . any pretrial motion, from the filing of the motion

through the conclusion of the hearing or, other prompt disposition of, such motion." § 3161(h)(1)(D). The Act also excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." § 3161(h)(6).[1]

### B. Discussion

The movants present two related arguments why their motion should be granted. First, they argue that no time should be excluded due to their conduct. Second, they argue that no period of time stemming from their codefendants' circumstances can reasonably be attributed to them.

The Court will assume for purposes of deciding the Motions that the movants' first argument is correct. In taking this position, however, the Court is mindful that all of the movants have filed motions that technically toll the Act. These motions include, among others, Herring's July 6, 2010 request for a pre-plea criminal history and the Speedy Trial Motions filed by Fauntleroy, Jr. and Herring on September 4, 2010 and September 7, 2010, respectively. Because none of these motions has been decided, it is well-settled that this time is excludable under the Act. See, e.g., United States v. Wright, 990 F.2d 147, 149 n. 4 (4th Cir. 1993) (noting that motion to dismiss on Speedy Trial Act creates excludable delay).

---

[1] Any delay resulting from a continuance granted by a judge is also excluded under the Act. To grant a continuance, which can be requested by the judge, the defendant or his counsel, or the Government, the judge must find that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). To determine whether a continuance is warranted, the judge must consider several factors, including "[w]hether the case is so unusual and complex, due to the number of defendants . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." § 3161(h)(7)(B)(ii).

This provision is not at issue because neither the Court nor any party has requested a continuance. Moreover, the Government is not, as the movants suggest, obligated to move for a continuance by the mere fact that the Speedy Trial Act contemplates such a motion.

Nevertheless, assuming that no period of delay can be attributed to the movants, the Government points out that the Speedy Trial clock did not even begin to tick until the last co-defendant was arrested. The Government further points out that most of the movants' codefendants have filed motions that toll time under the Act.

Ultimately, the Government's arguments carry the day. The Supreme Court has explained that "[a]ll defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant." Henderson v. United States, 476 U.S. 321, 323 n.2 (1986). Put another way, in a multi-defendant case, "time excludable for one defendant is excludable for all defendants." United States v. Jarrell, 147 F.3d 315, 316 (4th Cir. 1998). This rule is limited only by the Act's requirement that the period of delay be reasonable. See 18 U.S.C. § 3161(h)(6).

Here, the Government has indicted twenty-two codefendants for participating in a single conspiracy. The final initial appearance was held approximately five months after the movants' initial appearances. To date. dozens motions have been filed but not decided. The delays of which the movants complain can hardly be said to be unreasonable given the size and complexity of this case. See United States v. Riley, 991 F.2d 120, 124 (4th Cir. 1993) ("We . . . observe that the [seven-month] period was occupied reasonably by resolution of the numerous complex motions of eleven defendants and the good faith efforts to accommodate the schedules of twelve different parties and the court."); see also Fauntleroy, Jr.'s Mot. to Extend Time for Filing Motions, Docket No. 397 (requesting extension because of "large number of defendants charged in this case, as well as the significant amount of discovery and the vast number of intercepted calls"). Moreover, none of the movants has moved for or been granted a severance, which is a prerequisite for finding that time due to a codefendant's circumstances should not be excluded.

See <u>United States v. Tedder</u>, 801 F.2d 1437, 1450 (4th Cir. 1986) (holding that, where denial of severance was not abuse of discretion, any delay resulting from the joinder of defendant's trial with co-defendant was properly excluded), <u>cert. denied</u>, 480 U.S. 948 (1987).  Accordingly, the Motions must be denied.

### III.     Conclusion

For the reasons stated above, the Court will, by separate Order of even date, DENY the Motions.


Dated this  6th   day of April, 2011.              /s/
                                       Benson Everett Legg
                                       United States District Judge